1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11          Plaintiff,                    CR. NO. S-05-0176 LKK (GGH)

12      vs.

13   TOM DANIEL NORIEGA,

14          Defendant.                    ORDER
                                   /
15

16   *Introduction and Summary*

17          Defendant was indicted on charges of possession of methamphetamine with intent

18   to distribute on April 28, 2005.  Also charged were six prior drug offenses.  In addition, a search

19   of the defendant's residence turned up a weapon and ammunition.  The maximum potential

20   penalty for the charges against him was life imprisonment, and because of the alleged priors, a

21   life sentence with no possibility of release was mandatory.  21 U.S.C. § 841(b).  Defendant made

22   his initial appearance on May 25, 2005, and was ordered detained by the undersigned both as a

23   flight risk and danger to the community.  Defendants sought a "bail review" of this detention

24   decision before Magistrate Judge Mueller, but she denied the request on July 12, 2005 because

25   no new evidence had been presented.  Proceedings continued, but came to a termination when the

26   Honorable Lawrence K. Karlton granted the suppression motion of the defense on January 10,

                                         1

1  2006.  Without use of the suppressed evidence, the government could not continue to trial.  The

2  government has since sought appeal of the suppression order, and that appeal is pending.

3         For the reasons set forth below, the undersigned orders that defendant Noriega

4  remain detained pending the government's appeal both as a flight risk and a danger to the

5  community.

6  *Analysis*

7         Title 18, § 3143(c)  provides:

8         (c) Release or detention pending appeal by the government.--The
        judicial officer shall treat a defendant in a case in which an appeal
9         has been taken by the United States under section 3731 of this title,
        in accordance with section 3142 of this title, unless the defendant
10        is otherwise subject to a release or detention order.

11        The government has appealed pursuant to 18 U.S.C. § 3731 (appeal after

12  suppression motion granted).  Thus, the standards applying to initial detention hearings, § 3142,

13  apply.[1]  It would appear that the issue of detention is back to square one.  However, due to the

14  suppression of evidence, square one does not appear quite the same as it did in May of 2005.

15  Certain presumptions for detention, available to the government in this case when the evidence

16  supporting the charged crime was presumed valid, are no longer available in the wake of the

17  suppression order.  However, the evidence is available in determining whether detention is

18  appropriate absent the presumption.

19        The undersigned is persuaded on the appropriate manner in which to adjudicate

20  this detention hearing by the on-point analysis of United States v. Jay, 261 F. Supp. 2d 1235

21  (D.Or. 2003).  Jay, as does the case here, involved the matter of detention after the district judge

22  had suppressed evidence, and the government sought appeal because it could not proceed to trial.

23  Jay disclaimed use of presumptions to determine the detention question.  Although the statute

24  requiring use of the § 3142 standards does not expressly contemplate disuse of the presumptions

25  _____

26  [1]  The undersigned interprets, "unless the defendant is otherwise subject to a release or
detention order," as meaning an order aside from the one issued for this case.

1  contained within § 3142(e), that presumption section does require the court to find "probable

2  cause" to believe that the charged person has committed a presumptive drug offense before the

3  presumption will arise.  Common sense provides that if the district judge has found that the

4  critical evidence otherwise establishing probable cause may not be used, the government cannot

5  establish probable cause.  While the district judge's determination is subject to appeal, it

6  presently stands as the definitive ruling in the case.  See Jay, supra.

7        However, as did the court in Jay, the undersigned finds that the evidence may be

8  generally used in determining whether defendant Noriega would be a flight risk or a danger to the

9  community if he were to be released.  First, the danger to the community issue is triggered by the

10  nature of the charge, not whether there is probable cause to support it. § 3142(f).  The danger

11  trigger has been held by the vast majority of courts to be a categorical finding not dependent on

12  the circumstances of each case.  See United States v. Twine, 344 F.3d 987 (9th Cir. 2003);

13  United States v. Rogers, 371 F.3d 1225, 1229 (n.5) (10th Cir. 2004).  Once the court has

14  authority to find a defendant a danger to the community if released based on the charged offense,

15  Jay's reasoning is persuasive in finding that the evidence suppressed by the district judge for trial

16  purposes is not required to be suppressed at a detention hearing, i.e., the exclusionary rule does

17  not apply at such a hearing.  Jay at 1240.  This ruling too comports with common sense in that

18  Congress did not provide in § 3143 that an adjudication under § 3142 should be made for

19  detention decisions made pending government appeals of a suppression motion, only to have the

20  outcome always pre-ordained by the suppression ruling itself.  Congress does not require idle

21  acts.  In other words, the court must have some leeway to view the circumstances of the case in

22  making its pending-appeal detention decision.

23        Turning to the factors which guide the court's decision here, § 3142(g), the

24  undersigned finds that every factor but one heavily weighs in favor of detention.  Congress asked

25  the courts to view a charge involving drug trafficking seriously, and it should be done here in that

26  the offenses charged include six prior felony drug convictions.  The charges in this case

1 contemplate a mandatory life in prison sentence.  While the weight of the evidence cannot favor

2 the government given the suppression ruling, the Ninth Circuit has consistently advised that

3 weight of the evidence is the least important factor.  United States v. Gebro, 948 F.2d 1118, 1121

4 (9th Cir. 1991).  With respect to the circumstances of the individual defendant, Noriega's very

5 significant criminal record overwhelms any bond or positive attribute he may proffer.  The

6 undersigned refers not only to the six charged prior drug trafficking felonies, but also the regular

7 arrests of this defendant for being under the influence of drugs, numerous drunk driving offenses,

8 and a record sprinkled with spouse beating charges.  Defendant has been a consistent drug seller

9 *for decades.*

10          Finally, it cannot be gainsaid that the community is in danger if defendant Noreiga

11 were to be released.  His decades long drug trafficking has been a scourge on the community.

12 Nothing proffered by Noriega convinces the undersigned that this longstanding behavior would

13 cease if Noriega were to be released.  There is a saying:  Fool us once, shame on you; fool us

14 twice, shame on us.  One might add, fool us six, seven or eight times, and we are idiots.  Noriega

15 has made express and implicit promises over decades not to be a drug trafficker – he has failed

16 every promise.  To trust him again that he would not traffic drugs if released would make us

17 fooled yet another time.  No amount of bond offered in this case, even if made applicable to all

18 conditions of release, will convince a person who views Noriega's record as being able to deter

19 his danger to the community.  Moreover, given the fact that Noriega will face a mandatory life

20 sentence if the suppression ruling is reversed, and the fact that Noriega's record demonstrates

21 unreliability, the court has great doubt that Noriega would stay put if an appellate decision were

22 issued to that effect.

23 *Conclusion*

24          For the above reasons, the government has met its burden of demonstrating that

25 defendant Noriega would be a flight risk if released (preponderance) and a danger to the

26 \\\\\

4

1  community (clear and convincing) if released.  He is ordered to remain detained pending the

2  government's appeal of the suppression of evidence order in this case.

3  DATED: 1/27/06

/s/ Gregory G. Hollows

4  

GREGORY G. HOLLOWS
5  UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
6  noriega.det

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26